EL PUEBLO, DEMANDANTE Y APELADO, v. BARNÉS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por infracción de la Ley de Patentes Municipales.

No. 1454.—Resuelto en noviembre 19, 1920.

PATENTES MUNICIPALES—COMISIONISTAS—CONTRIBUCIONES MUNICIPALES.—En el presente caso el acusado admitió que tenía la representación de la firma Aboy, Hernández y Co., de New York, a cuyo nombre ofrecía provisiones en venta a los comerciantes de Ponce, cuyos pedidos comunicaba a la citada firma la que remitía las provisiones a la consignación del acusado con la factura correspondiente para su entrega a los compradores como así lo verificaba sin llevar las mercancías a depósito alguno y tampoco a su oficina, recibiendo un tanto por ciento de comisión. *Se resolvió:* que el acusado viene obligado a pagar al Municipio de Ponce la patente correspondiente, pues el negocio antes descrito está incluído entre los que el grupo C, sección segunda de la Ley No. 26 aprobada en marzo 28, 1914, sujeta al pago de patentes municipales.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Parra* y *Pérez Marchand.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del Tribunal.

En la denuncia se imputa al acusado el hecho de que maliciosa, voluntaria y fraudulentamente violó la sección 12 de la Ley No. 26 sobre Patentes Municipales, aprobada en 28 de marzo de 1914, emprendiendo un negocio consistente en vender provisiones tales como arroz, bacalao, velas, tocino, etc., sin tener para ello el certificado correspondiente expedido por el Tesorero del Municipio de Ponce.

La sección 12 citada en la denuncia dice así:

"Sección 12.—Toda persona, sociedad, asociación, corporación u otra forma cualquiera de organización, comercial o industrial, que

emprendiere negocios sin el certificado correspondiente expedido por el tesorero del municipio, o que dejare de satisfacer el importe de la contribución impuesta de acuerdo con esta Ley dentro de los primeros quince días de cada trimestre se considerará culpable de delito menos grave e incurrirá en una multa máxima de cincuenta dólares, según se provea por los concejos municipales en sus ordenanzas.''

Para venir en conocimiento de cuál sea el certificado a que trata la sección 12 se hace necesario acudir a la Sección 1ª. de la misma ley.

En la sección 1ª. de dicha ley se autoriza a los concejos municipales de todos los municipios de la Isla de Puerto Rico para que puedan imponer y cobrar a toda persona, firma, asociación, sociedad, corporación, u otra forma cualquiera de organización comercial o industrial dedicada a cualquiera de los negocios o industrias que más adelante se mencionan, las patentes que también más adelante se enumeran, bajo los tipos que se prescriben, destinándose el producto de las mismas a cubrir las atenciones de su presupuesto.

La sección 2ª. enumera los negocios sobre los cuales puede imponerse la patente, que se clasifican en distintos grupos marcados con las letras A, B y C.

El grupo letra C comprende ''las industrias de molinos de azúcar y mieles y los negocios de corredores, comerciantes, comisionistas, agentes con oficinas permanentes y corredores de bienes raíces.

Aparece admitido en el juicio por declaración del acusado que éste tenía la representación de la casa Aboy, Hernández & Compañía, de New York, y que a nombre de ella ofrecía provisiones en venta a los comerciantes de Ponce, cuyos pedidos comunicaba a la referida casa, la que a su vez remitía las provisiones a la consignación del acusado con la correspondiente factura para ser entregadas a los comerciantes, como así lo verificaba directamente sin llevarlos a depósito alguno que tuviera establecido y tampoco a su oficina o des-

pacho que tenía en su propia casa, recibiendo un tanto por ciento de comisión.

Atendido el resultado de las pruebas la defensa solicitó la absolución del acusado por dos razones: Primera, porque la Ley de Patentes nada establece con referencia a agencias comerciales representativas de intereses que están más allá de la ley y de Puerto Rico, ni permite gravar una fuente de negocios que no está por sí ni por su representación permanente establecida en Puerto Rico; y segunda, porque aunque la ley estableciera un impuesto sobre una representación como la que se ha probado que tenía el acusado, dicho impuesto sería anticonstitucional por afectar fuentes de negocios que radican fuera de la Isla, lo cual sería atentatorio a la exclusiva autoridad del Congreso de los Estados Unidos en este respecto.

La moción de absolución perentoria fué declarada sin lugar y la corte dictó sentencia declarando al acusado culpable del delito de infracción a la sección 12 de la Ley No. 26 sobre Patentes Municipales, e imponiéndole una multa de $3 y en defecto de pago un día de cárcel por cada dólar que dejara de satisfacer.

Contra esa sentencia interpuso el acusado recurso de apelación, pero no ha presentado escrito de asignación de errores, ni tampoco compareció al acto de la vista.

Examinados los motivos de la moción de absolución perentoria a la luz de las pruebas practicadas en el juicio, entendemos que el acusado emprendió un negocio de comisionista comprendido en el grupo C de los negocios e industrias sujetos a patente y que por tanto estaba en el deber de obtener la que le correspondía, habiendo incurrido en responsabilidad al emprender el negocio sin tener para ello el certificado correspondiente expedido por el Tesorero del Municipio de Ponce.

El acusado realizaba en concepto de comisionista un negocio independiente por sí mismo del que realizaba la casa

de Aboy, Hernández & Compañía, de New York, y no. podía estimarse exento de obtener la patente correspondiente para dedicarse a dicho negocio, con arreglo a la ley sobre la materia. Y no puede estimarse nula e inconstitucional la ley que impone dicha obligación, pues no vemos ni se nos ha demostrado por el apelante, como era deber suyo, que dicha ley tenga la tendencia de intervenir con o de obstaculizar el comercio entre Estados ni que lo obstaculice en la práctica. La patente no se impone sobre el negocio de Aboy, Hernández & Compañía, sino sobre el negocio del acusado.

Véanse nuestras decisiones en los casos de *Ponce Lighter Company* v. *El Municipio de Ponce,* 19 D. P. R. 760; *El Pueblo* v. *Central Fortuna,* 22 D. P. R. 106 y *El Pueblo* v. *Subirá,* 27 D. P. R. 615.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.